IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGALIA BIANCA,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, RICARDO WILLIAMS, and GARY SLUTKIN<br><br>    Defendants. | Case No. 18-CV-07256 |

**DEFENDANT GARY SLUTKIN'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND 12(B)(1)**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12 (b)(1), Defendant Gary Slutkin ("Dr. Slutkin"), by and through his attorneys, moves to dismiss all claims against Dr. Slutkin in the First Amended Complaint of Plaintiff Angalia Bianca ("Complaint"). In support of his motion, Dr. Slutkin has concurrently filed a Memorandum of Law and states as follows:

1. In this case, an employee of a project of the University of Illinois ("University"), Plaintiff Angalia Bianca, alleges that she was sexually harassed by her co-worker, Defendant Ricardo Williams ("Williams"), in 2014 and, perhaps, on an ongoing basis since then.

2. Plaintiff also names the Executive Director of Cure Violence, a project of the organization (the University) that employs Plaintiff and Williams, Defendant Gary Slutkin ("Dr. Slutkin"), despite the absence of any alleged misconduct attributed to Dr. Slutkin regarding Plaintiff. Instead, given the paucity of allegations involving Dr. Slutkin and the clear legal deficiencies of the claims asserted, he appears to have been included as a named defendant solely in the hopes that his international reputation and prominence would bring more attention to this

1

lawsuit.

3. The First Amended Complaint (Dkt. 8) ("Complaint") attempts to assert five claims against Dr. Slutkin: (1) sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); (2) sexual harassment in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IHRA"); (3) negligent supervision; (4) battery; and (5) intentional infliction of emotional distress ("IIED"). All five claims should be dismissed. Plaintiff has also named the University and Williams.[1]

4. This Motion is brought, in the main, pursuant to Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion, the complaint must be supported by facts that, if taken as true, plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

5. Plaintiff's Title VII claim (Count I), which is the sole basis for this Court's jurisdiction, should be dismissed because it is well-established in the Seventh Circuit and in this District that there is generally no individual liability under Title VII. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995); *Al Naser v. Creative Designs Mgmt. Co.*, No. 12 C 1997, 2012 WL 3779067, at *5-6 (N.D. Ill. Aug. 30 2012).

6. Even if Plaintiff could state a claim against Dr. Slutkin under Title VII, that claim must be dismissed because Plaintiff has not obtained a right-to-sue letter from the EEOC. It is well established that, before a plaintiff may bring a Title VII claim, she must "file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner v. Ill. Dep't of Nat. Resources*, 413 F.3d 675, 680 (7th Cir. 2005); 42 U.S.C. §2000e-5(b), (f).

7. Because Plaintiff's Title VII claim must be dismissed, her remaining state law

---

[1] The University and Williams have moved concurrently to dismiss all claims of the Complaint.

2

.1
DocID: 4838-0843-0227.1

claims (Counts II-V) against Dr. Slutkin should be dismissed for lack of supplemental jurisdiction pursuant to Rule 12(b) (1). *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003).

8. Plaintiff's claim that Dr. Slutkin violated the IHRA (Count II) is similarly unavailing because the Illinois appellate courts have also confirmed that an employee acting within the scope of his employment may not be held liable under the IHRA. *See Watkins v. Off. of State App. Def.*, 976 N.E.2d 387, 399-400 (1st Dist. 2012). As Plaintiff admits, Dr. Slutkin is merely the Executive Director of a project of the organization that employs Plaintiff, not the perpetrator of the sexual harassment she has alleged. *See* Cmplt., ¶ 8.

9. Plaintiff's claims of negligent representation, battery, and intentional infliction of emotional distress (Counts III-V) are time-barred and should be dismissed. Under the Illinois statute limiting actions for personal injury, Plaintiff's tort claims were subject to a statute of limitations of two years. *See* 735 ILCS 5/13-202. Plaintiff alleges that she was subjected to specific instances of sexual harassment by Williams in 2014; she does not allege any such instances after 2014.

10. Plaintiff's claim of negligent supervision (Count III) should also be dismissed because individual liability for negligent supervision would not be appropriate here. In Illinois, the tort of negligent supervision imposes a duty on the employer, rather than on any individual supervisor or other employee. *See e.g., Ancich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 646 (7th Cir. 2017).

11. Plaintiff's claims of negligent supervision and IIED (Counts III and V) against Dr. Slutkin should be dismissed for the additional reason that they are preempted by the IHRA, which provides that "no court of this state shall have jurisdiction over the subject of an alleged

civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C). Plaintiff's allegations predicate her negligent supervision and IIED claims against Dr. Slutkin on his alleged failure to supervise Williams or to prevent his sexual harassment of Plaintiff, so her claims are "inextricably intertwined" with that prohibition. *See* Cmplt., ¶¶ 48-50; *see Brownlee v. Catholic Charities of the Archdiocese of Chicago*, No. 16-CV-00665, 2017 WL 770997, at *7–8 (N.D. Ill. Feb. 28, 2017).

12. Plaintiff has likewise failed to state a claim of intentional infliction of emotional distress (Count V) against Dr. Slutkin. Plaintiff has alleged no conduct by Slutkin that could be considered "extreme and outrageous" or that Dr. Slutkin intended to cause her severe emotional distress, as required under Illinois law. *See, e.g., Leetch v. Heniff Transp. Sys., LLC*, No. 10 C 2036, 2010 WL 3171771 (N.D. Ill. Aug. 11, 2010).

13. Plaintiff has not alleged a cognizable claim of battery (Count IV), which is a "willful touching of the person of another or a successful attempt to commit violence upon the person of another." *Kijonka v. Sietzinger*, 363 F.3d 645, 647 (7th Cir. 2004) (citing 720 ILCS 5/12-1(a)). Plaintiff does not allege that Dr. Slutkin touched her, that she interacted with Dr. Slutkin at all, or that there is any basis for holding Dr. Slutkin liable for any alleged battery by Williams. *See generally* Cmplt.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, this Court should grant the motion of Defendant Gary Slutkin, dismiss the First Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and grant such other relief as the Court deems appropriate.

        Respectfully submitted,

        GARY SLUTKIN

        By: /s/ Peter G. Land
            One of His Attorneys

Peter G. Land
Karen L. Courtheoux
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500 Phone
(312) 655-1501 Facsimile
Peter.Land@huschblackwell.com
Karen.courtheoux@huschblackwell.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing DEFENDANT GARY SLUTKIN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) to be served on the attorney of record listed below by filing the foregoing electronically using the CM/ECF filing system on this 8th day of April 2019:

| | |
|---|---|
| Ed Mullen (Atty. No. 6286924) | Elizabeth Homsy (Atty. No. 6307858) |
| Bucktown Law | The Law Offices of Elizabeth A. Homsy |
| 2129 N. Western Ave. | 2506 N. Clark Street |
| Chicago, IL 60647 | Suite 286 |
| 312-508-9433 | Chicago, IL 60614 |
| ed_mullen@mac.com | 773-988-3486 |

/s/ Peter G. Land

.1
DocID: 4838-0843-0227.1