IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGALIA BIANCA,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF THE<br>UNIVERSITY OF ILLINOIS,<br>RICARDO WILLIAMS, and<br>GARY SLUTKIN<br><br>    Defendants. | Case No. 18-CV-07256 |

**DEFENDANT RICARDO WILLIAMS'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND 12(B)(1)</u>**

    Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), Defendant Ricardo Williams ("Williams") moves to dismiss all claims against him in the First Amended Complaint of Plaintiff Angalia Bianca (the "Complaint").[1] In support of his motion, Williams has concurrently filed a Memorandum of Law and states as follows:

    1.    The Court should dismiss the Complaint because, among other reasons, Plaintiff has asserted claims against Williams for which he cannot be liable, has failed to exhaust her administrative remedies, and has alleged claims that are time-barred.

    2.    In order to survive a Rule 12(b)(6) motion, the complaint must provide more than "abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, the claim must be supported by facts that, if

---

[1] Williams notes that the other defendants in this action, Dr. Gary Slutkin and the Board of Trustees of the University of Illinois, are filing their own motions to dismiss the Complaint.

1

taken as true, plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

3. Because this Motion seeks the dismissal of Plaintiff's sole purported federal claim, this Motion is also brought pursuant to Rule 12(b)(1), which provides for the dismissal of claims where the court lacks federal jurisdiction over the lawsuit. *See Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

4. Plaintiff's Title VII claim (Count I), which is the sole basis for this Court's jurisdiction, should be dismissed with prejudice because there is no individual liability under Title VII. Williams, as an individual defendant, is not an "employer" capable of being sued under Title VII. *See* 42 U.S.C. § 2000e(b); *Missak v. Eagle Market Makers, Inc.*, No. 14 C 1757, 2014 WL 2598802, at *2-3 (N.D. Ill. June 10, 2014).

5. Plaintiff's Title VII claim must also be dismissed because Plaintiff has not obtained a right-to-sue letter from the EEOC and thus has failed to exhaust her administrative remedies. *Conner v. Ill. Dep't of Nat. Resources*, 413 F.3d 675, 680 (7th Cir. 2005); 42 U.S.C. §2000e-5(b), (f).

6. Because Plaintiff's Title VII claim must be dismissed, her remaining state law claims (Counts II-V) against Williams should also be dismissed pursuant to Rule 12(b)(1) for lack of supplemental jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003). Plaintiff has not asserted any independent basis for this court to assert jurisdiction over her state law claims. *See generally* Cmplt.

7. Furthermore, Plaintiff's tort claims (Counts IV-V),[2] which arise out of events alleged to have occurred in early 2014, are time-barred and should be dismissed with prejudice.

---

[2] This motion assumes that Plaintiff did not intend to allege Count III for "negligent supervision"

Plaintiff's tort claims were subject to a statute of limitations of two years, but Plaintiff did not initiate this lawsuit until October 31, 2018. *See* 735 ILCS 5/13-202.

8. Plaintiff's purported battery against Williams, in particular, should be dismissed because it is specifically alleged to have occurred on three unspecified days in "early 2014" and is thus time-barred.

9. Plaintiff may not invoke the continuing violation doctrine because Plaintiff knew or reasonably should have known that she had a claim of discrimination –and any related tort claims – at the time of the alleged incidents in 2014. *See Flood v. Wash. Square Restaurant, Inc.*, No. 12 C 5729, 2012 WL 5996345, *3 (N.D. Ill. Nov. 30, 2012).

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, this Court should dismiss all claims against Defendant Ricardo Williams in the First Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and grant such other relief as the Court deems appropriate.

                                                     Respectfully submitted,

                                                     RICARDO WILLIAMS

                                                     By: /s/ Peter G. Land
                                                          One of His Attorneys

Peter G. Land
Karen L. Courtheoux
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500 Phone
(312) 655-1501 Facsimile
Peter.Land@huschblackwell.com
Karen.courtheoux@huschblackwell.com

---

against Williams, as he could not supervise himself, and no one Williams supervised is alleged to have done anything actionable. If Plaintiff intended Count III to be asserted against Williams, it must also be dismissed with prejudice.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing DEFENDANT RICARDO WILLIAMS'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND 12(B)(1) to be served on the attorney of record listed below by filing the foregoing electronically using the CM/ECF filing system on this 8th day of April 2019:

| | |
|---|---|
| Ed Mullen (Atty. No. 6286924) | Elizabeth Homsy (Atty. No. 6307858) |
| Bucktown Law | The Law Offices of Elizabeth A. Homsy |
| 2129 N. Western Ave. | 2506 N. Clark Street |
| Chicago, IL 60647 | Suite 286 |
| 312-508-9433 | Chicago, IL 60614 |
| ed_mullen@mac.com | 773-988-3486 |

/s/ Peter G. Land

DocID: 4814-6945-0131.1